Casey Watkins (060122014)
BALLARD SPAHR LLP
700 East Gate Drive, Ste. 330
Mount Laurel, New Jersey 08054
856.761.3400
watkinsc@ballardspahr.com
Lynn Rzonca (to be admitted pro hac vice)
Benjamin Simler (to be admitted pro hac vice)
Doyle Tuvesson (to be admitted pro hac vice)
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, Pennsylvania 19103
215.665.8500
rzoncal@ballardspahr.com
simlerb@ballardspahr.com
tuvessond@ballardspahr.com
*Attorneys for Plaintiff,*
*Varlo LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Varlo LLC,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>Varley International Holdings Limited,<br><br>　　　　Defendant. | Civil Action No.: 1:25-cv-2146<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## COMPLAINT FOR DECLARATORY JUDGMENT OF
## <u>NO TRADEMARK INFRINGEMENT</u>

Varlo LLC ("Varlo" or "Plaintiff"), by and through its attorneys, brings this action for declaratory judgment against Varley International Holdings Limited ("Varley" or "Defendant").

Since 2020, Varlo has sold high-performance sports apparel for endurance athletes at athletic events (e.g., triathlons), from its own website, and through specialty sporting goods retail outlets. In 2021, Varlo filed its first application to register its VARLO® mark with the U.S.

Patent and Trademark Office, and it received its registrations in 2023 and 2024 with no opposition. Varlo has invested significantly in growing its brand.

Varley, on the other hand, sells luxury women's apparel. It sells directly to its consumers, through department stores, and through upscale fashion boutiques.

The parties' marks have coexisted in the marketplace for nearly five years with no known evidence of consumer confusion. Varley nevertheless recently claimed that confusion is likely and demanded that Varlo stopped using its federally registered marks. Given the differences in, among other things, the parties' marks, respective products, target markets, and channels of trade, and in view of their five years of peaceful coexistence, there is no likely confusion. Varlo asks this Court to issue a declaratory judgment confirming that conclusion.

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff seeks declarations that it does not infringe any trademark rights owned by Defendant and that there is no likelihood of confusion arising from the parties' uses of their respective marks, under the Lanham Act, 15 U.S.C. §1051, et seq.

## THE PARTIES

2.      Varlo is a limited liability company organized and existing under the laws of New Jersey and having its principle place of business at 1415 Marlton Pike East, Cherry Hill, New Jersey 08034.

3.      Upon information and belief, Varley is a corporation organized and formed under the laws of the United Kingdom and having a principle place of business at 101 New Cavendish Street, 1st Floor South, London, United Kingdom.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this Declaratory Judgment Complaint pursuant to 15 U.S.C. §§ 1121, and 28 U.S.C. §§ 1331 and 1332.

5.      This Court has specific personal jurisdiction over Defendant because, upon information and belief, Defendant has conducted business in this District. Such business includes marketing, selling, and distributing goods—both through the internet and through third parties such as Saks Fifth Avenue, Bloomingdale's, Back2Basics, NineNorth, Nordstrom, and Anthropologie, all of which have stores in, and some of which are headquartered in, New Jersey. Defendant knows these third parties are located in this District and intends that they will sell its products here to consumers under the marks it claims to own. Additionally, by sending a cease-and-desist letter and asserting claims of trademark infringement against Plaintiff in this District, Defendant has purposefully availed itself of this forum's laws through actions taken in and directed toward the State of New Jersey.

6.      In the alternative, this Court has jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2), because Defendant is a foreign entity that is not subject to general or specific personal jurisdiction in any state's courts of general jurisdiction, but Defendant's contacts with the United States and the exercise of jurisdiction over Defendant in connection with the claims herein is consistent with the United States Constitution and the law.

7.      Upon information and belief, Defendant has purposefully directed activities toward the United States, including, *inter alia*, by filing for and obtaining U.S. trademark registrations and by seeking to enforce its alleged intellectual property rights here, including by issuing demand letters to Plaintiff, as discussed below.

8.      Plaintiff's claims arise from or relate to Defendant's foregoing activities.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c)(2)-(3) because, upon information and belief, a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Defendant is subject to personal jurisdiction in this district.

10.     An actual case or controversy exists between the parties. As described below, Defendant has asserted its trademark rights against Plaintiff.

## FACTS

### Plaintiff's History, Business, and Marks

11.     Plaintiff Varlo is a leading brand in men's and women's specialty sports apparel, specializing in high-performance gear for runners, triathletes, cyclists, and endurance athletes. Founded in 2019 by Soj Jibowu, a former Division 1 track and field athlete, the brand focuses on advanced fabric technology and durability to support athletic performance during training and competition.

12.     Plaintiff sponsors athletes and endurance sports events, reinforcing its dedication to the triathlon and cycling communities. The brand supports professional and amateur athletes through ambassador programs, providing high-performance apparel and resources to enhance their training and competition experiences.

13.     Plaintiff does not operate standalone retail stores. Its products are available for purchase online at varlo.com, and through select specialty sporting goods retailers, including REI Co-op stores. Plaintiff also sells directly at sponsored sporting events, primarily focusing on triathlons.

14.     The brand name "Varlo" is derived from the word "Valor," which is defined as "great courage" (*see* https://dictionary.cambridge.org/dictionary/english/valor).

15.     Over the past six years, through substantial time, efforts, and investment, Plaintiff

has built a reputation and goodwill in its word mark VARLO, as well as in its stylized marks

**VARLO** and ▼ , gaining common law rights in the marks.

16.     On October 22, 2021, Plaintiff applied to register its mark

**VARLO** with the United States Patent and Trademark Office (USPTO) in Class

25 for "Clothing being clothing and apparel for running, triathlon and cycling, namely, clothing

jerseys, cloth bibs, shorts, socks." The application identified Varlo's date of first use of the mark

in commerce to be at least as early as September 01, 2020. During examination, the USPTO did

not cite any marks as creating a likelihood of confusion. Plaintiff's application was publicly

published for opposition in the Official Gazette on January 10, 2023. No oppositions were filed,

and the mark was registered on March 28, 2023 as U.S. Reg. No. 7009563. A copy of Plaintiff's

U.S. Reg. No 7009563 is attached as Exhibit 1.

17.     On October 22, 2021, Plaintiff applied to register its mark ▼ with the USPTO

in Class 25 for "Clothing being clothing and apparel for running, triathlon and cycling, namely,

clothing jerseys, cloth bibs, shorts, socks." The application identified Plaintiff's date of first use

of the mark in commerce to be at least as early as September 01, 2020. During examination, the

USPTO did not cite any marks as creating a likelihood of confusion. Plaintiff's application was

published for opposition in the Official Gazette on January 10, 2023. No oppositions were filed,

and the mark was registered on March 28, 2023 as U.S. Reg. No. 7009564. A copy of Plaintiff's

U.S. Reg. No 7009564 is attached as Exhibit 2.

18.     On November 7, 2023, Plaintiff applied to register its mark VARLO with the

USPTO in Class 25 for "[c]lothing being clothing and apparel for running, triathlon and cycling,

namely, clothing jerseys, cloth bibs, shorts, socks." The application identified Plaintiff's first use in commerce of its mark to be at least as early as September 01, 2020. During examination, the USPTO did not cite any marks as creating a likelihood of confusion. Plaintiff's application was published for opposition in the Official Gazette on July 30, 2024. No oppositions were filed, and the mark was registered on October 15, 2024 as U.S. Reg. No. 7534231. A copy of Plaintiff's U.S. Reg. No 7534231 is attached as Exhibit 3.

19.     Plaintiff's registered and common law marks VARLO and the V Logo are referred to collectively in this Complaint as the "VARLO Marks."

### Defendant's History, Business, and Marks

20.     Upon information and belief, Defendant Varley was founded in 2014 by Lara and Ben Mead, a husband-and-wife team. The brand is a contemporary fashion label catering to the modern woman. Defendant focuses exclusively on women's clothing and does not offer men's apparel.

21.     Defendant has publicly advertised that it is "not an activewear brand", (*see* https://www.varley.com/blogs/well-said/celebrating-10-years-of-varley, at 5:40, published Sep. 2024). Upon information and belief, Defendant sells products to U.S. consumers, including those residing in New Jersey, via its website, varley.com.

22.     Upon information and belief, Defendant distributes its apparel through high-end fashion retailers such as Saks Fifth Avenue, Bloomingdale's, Back2Basics, NineNorth, Nordstrom, and Anthropologie, positioning the brand in the premium women's fashion market.

23.     Upon information and belief, Defendant (through a predecessor that, upon information and belief, is now its subsidiary) filed a federal trademark application on January 19, 2015 for its mark VARLEY, seeking registration on the Principal Register (for distinctive, protectable marks) on January 19, 2015. The Trademark Office refused to register the mark on

the Principal Register, stating, among other reasons for refusal, that the applied-for mark was not registerable because it was "primarily merely a surname." The Trademark Office explained that the term "VARLEY" is a common surname, and would likely be perceived as such and not as a mark, particularly because in the fashion industry designers often label goods under their names.

24.     Following the initial refusal, Defendant amended its application, withdrawing its request to register the mark on the Principal Register and instead dropping it to the Supplemental Register (for non-distinctive, merely descriptive marks) and the mark was thereafter registered on the Supplemental Register on January 28, 2015, under U.S. Reg. No. 4890712. Registration on the Supplemental Register confirms that the mark VARLEY in that registration does not have inherent trademark significance for apparel.

25.     Six years later, on January 25, 2021—after Plaintiff had begun using its mark VARLO—Defendant tried again to register VARLEY on the Principal Register. In a Preliminary Amendment dated August 13, 2021, Defendant asserted that "[t]he mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement." Based on this claim of acquired distinctiveness through continuous use, the USPTO granted U.S. Reg. No. 6581309 in Class 25 for "Shirts; Shorts; T-shirts; Tights; Athletic tops and bottoms for exercise, running, yoga and pilates; Jackets; Sports bras; Tank tops."

26.     U.S. Reg. No. 6581309 for VARLEY was not granted based on inherent distinctiveness, but based on claimed acquired distinctiveness through use.

27.    Defendant also claims to own additional federally registered trademarks, including U.S. Reg. No. 7714254 in Class 25 for **VARLEY** and U.S. Reg. No. 7712846 in Class 35 for **VARLEY**.

28.    The marks registered under U.S. Reg. Nos. 6581309, 7714254, and 7712846, along with any other registered or unregistered rights that Defendant claims to have in the mark VARLEY, are hereinafter collectively referred to as the "Asserted Marks."

## Differences Between Plaintiff's And Defendant's Marks

29.    There are many significant differences between the parties' marks. Visually, the VARLO mark differs from the VARLEY mark in several key ways. The word structures are different—the first mark contains five letters ending in an "O" while the second has six letters ending in an "EY." Further, the stylized versions of the VARLO and VARLEY marks differ in typography and stylization of the letters. The **VARLO** mark was hand drawn by Varlo co-founder Jacob Brown. The mark is bold and modern, with sharp, geometric angles, particularly noticeable in the stylized "R" and "L," In contrast, **VARLEY** uses a thinner, generic font, without the stylized "R" and "L."

30.    Aurally, the marks VARLO and VARLEY are different due to their distinct pronunciation. VARLO is pronounced as "VAR-LO," ending with a strong and rounded "O" sound. On the other hand, "VARLEY" is pronounced as "VAR-LEE," ending with a long "EE" sound. This difference in terminal vowel sounds — "O" versus "EE" — gives the marks distinct sounds. These phonetic distinctions contribute to clear aural separation between the two marks. These differences would be readily apparent to an average listener and reduce the likelihood of confusion based on sound alone.

31.     The marks VARLO and VARLEY also differ in meaning and connotation. VARLO is derived from the word "valor," which is defined as "great courage," evoking concepts of bravery and strength. This association gives VARLO a bold, aspirational, and empowering quality, intended to resonate with endurance athletes. VARLO is a unique word, with no common uses. In contrast, VARLEY is a well-known surname with no inherent meaning tied to a particular characteristic or quality. As a surname, VARLEY functions primarily as an identifier of family name origin rather than conveying an abstract concept or value. This fundamental difference in meaning—one suggestive of a desirable personal trait and the other simply a proper name—creates a clear distinction between the two marks.

## Narrow Scope of Protection for Defendant's Marks

32.     There are numerous marks registered with the U.S. Trademark Office and in use for similar goods that are as similar, if not more similar, to the Asserted Marks than the VARLO Marks, including at least:

| Reg. No. | Mark | Registration Date | Goods |
|---|---|---|---|
| Reg. 5067463 | VERALI | Oct. 25, 2016 | Includes apparel, namely, women's shoes |
| Reg. 6556318 | VERLO | Nov. 09, 2021 | Includes clothing, namely, shirts, jackets, hats, sweatsuits, etc. |
| Reg. 6168948 | VOROLO | Oct. 06, 2020 | Includes apparel, namely hosiery, rain boots, rain trousers, and waterproof jackets and pants |
| Reg. 6950306 | FORLOH | Jan. 10, 2023 | Includes clothing, namely shirts, coats, pants, jackets, vests, etc. |
| Reg. 2674884 | FURLA | Jan. 14, 2003 | Includes apparel, mainly shoes and scarves |
| Reg. 3020861 | RVCA | Nov. 29, 2005 | Includes clothing and headwear, namely T-shirts, shorts, sweat pants, sweat shirts, etc. |
| Reg. 5026011 | VA | Mar. 17, 2016 | Includes apparel, namely clothing, clothing accessories, footwear, and headgear |

| Reg. 2622308 | VA | Sep. 17, 2002 | Includes clothing and headwear, namely, T-shirts, shorts, sweat pants, sweat shirts, etc. |
|---|---|---|---|

The above third-party marks are attached as Exhibit 4.

33.    In addition to the longstanding coexistence of the VARLO Marks and the Asserted Marks in the marketplace without evidence of actual confusion, and the clear differences in appearance, sound, and meaning between the marks, the prevalence of similar marks listed above dilutes the distinctiveness of the Asserted Marks and diminishes the potential for consumer confusion.

**Defendant's Communications with Plaintiff**

34.    On March 7, 2025, five years after Plaintiff began using its VARLO marks and two years after Plaintiff's federal registration issued, Defendant Varley's counsel sent a letter to Plaintiff Varlo in Cherry Hill, New Jersey alleging that the use of the VARLO Marks on Plaintiff's apparel infringed the Asserted Marks. Defendant cited no evidence of consumer confusion. Defendant demanded that Plaintiff surrender its registrations, cease manufacturing and selling its apparel, and warned that failure to comply could result in Defendant pursuing all available legal remedies, including injunctive relief, enhanced damages, and attorney's fees for willful infringement. A copy of Defendant's March 7, 2025, demand letter is attached as Exhibit 5.

35.    Plaintiff then engaged counsel, who on March 19, 2025 responded to Defendant's counsel, advising that she had just been engaged, was looking in to the matter, and would provide a response to Defendant's March 7, 2025, demand letter. A copy of Plaintiff's March 19, 2025, response is attached as Exhibit 6.

36.     Two days later, on March 21, 2025, Defendant's counsel sent a follow-up letter to Plaintiff's counsel, demanding a substantive response no later than March 28, 2025. A copy of Defendant's March 21, 2025, letter is attached as Exhibit 7.

**COUNT I**
**DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT**

37.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though set forth fully herein.

38.     Plaintiff seeks a declaratory judgment from this Court that the use, sale, or offer to sell of goods under the VARLO Marks is not likely to cause confusion as to the source, sponsorship, or affiliation as between Plaintiff and its goods and Defendant and it goods, among an appreciable number of purchasers.

39.     No likelihood of confusion exists between the VARLO Marks and the Asserted Marks, as evidenced at least by:

a.     the visual differences between the VARLO Marks and the Asserted Marks;

b.     the aural difference in the marks, including their respective ending-vowel sounds "EY" and "O";

c.     the mark's different connotations, including VARLO's derivation from the word "VALOR," whereas VARLEY is known as a surname;

d.     Plaintiff Varlo's ownership of its federal trademark registrations, which received no opposition and in which the USPTO examiner did not cite the Asserted Marks;

e.     Defendant Varley's claimed ownership of its Asserted Marks, and the many pending applications for registration of similar marks for other goods, none of which have drawn the USPTO's opposition on the basis of a likelihood of confusion with the VARLO Marks;

f.     the USPTO's finding of no inherent trademark significance of the Asserted Marks;

g.     the dilution of the Asserted Marks;

h.     the sophistication and care and attention that consumers of both parties' goods exercise in purchasing goods of the types sold by the parties, and the relative high cost of both parties' goods;

i.  Plaintiff's widespread use of the VARLO Marks in commerce since at least 2020, and Defendant's claimed use of its Asserted Marks since 2012, with no evidence of any actual confusion;

j.  the differences in the parties' goods, where Plaintiff sells high-performance apparel and whereas Defendant sells contemporary fashion apparel;

k.  the difference in the parties' consumers, where Plaintiff sells to endurance athletes and Defendant sells to women seeking contemporary fashion apparel;

l.  the difference in points of retail sale, where Plaintiff sells through sporting goods retailers and whereas Defendant sells through high-end fashion retail stores;

40.    As shown by Defendant's March 7, 2025 letter to Plaintiff, an actual present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's apparel free from Defendant's interference.

41.    The controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

42.    A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain their rights and duties with respect to the Asserted Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Varlo prays for a judgment against Defendant Varley as follows:

a.  For a declaration that Plaintiff does not infringe the Asserted Marks under Federal or common law;

b.  For a declaration that no likelihood of confusion exists between the VARLO Marks and the Asserted Marks;

c.  Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees and expenses in this action;

d.  Awarding Plaintiff its costs in this action; and

e.  For such other relief as the Court may deem just and proper.

Dated: March 28, 2025

*s/Casey Watkins*

Casey Watkins (060122014)
BALLARD SPAHR LLP
700 East Gate Drive, Ste.330
Mount Laurel, New Jersey 08054
856.761.3400
watkinsc@ballardspahr.com

Lynn Rzonca (pro hac vice to be filed)
Benjamin Simler (pro hac vice to be filed)
Doyle Tuvesson (pro hac vice to be filed)
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, Pennsylvania 19103
215.665.8500
rzoncal@ballardspahr.com
simlerb@ballardspahr.com
tuvessond@ballardspahr.com

# EXHIBIT 1

Digitally signed by United States Patent and Trademark Office
Location: United States Patent and Trademark Office
Date: 2023.03.13 12:45:19 -04'00'

# United States of America
## United States Patent and Trademark Office

# VARLO

**Reg. No. 7,009,563**

**Registered Mar. 28, 2023**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Varlo LLC  (NEW JERSEY LIMITED LIABILITY COMPANY)
1415 Marlton Pike East
Cherry Hill, NEW JERSEY 08034

CLASS 25: Clothing being clothing and apparel for running, triathlon and cycling, namely, clothing jerseys, cloth bibs, shorts, socks

FIRST USE 9-1-2020; IN COMMERCE 9-1-2020

The mark consists of the stylized word "VARLO".

SER. NO. 97-088,208, FILED 10-22-2021



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT 2

Digitally signed by United States Patent and Trademark Office
Location: United States Patent and Trademark Office
Date: 2023.03.13 12:45:21 -04'00'

# United States of America
## United States Patent and Trademark Office



**Reg. No. 7,009,564**

**Registered Mar. 28, 2023**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Varlo LLC  (NEW JERSEY LIMITED LIABILITY COMPANY)
1415 Marlton Pike East
Cherry Hill, NEW JERSEY 08034

CLASS 25: Clothing being clothing and apparel for running, triathlon and cycling, namely, clothing jerseys, cloth bibs, shorts, socks

FIRST USE 9-1-2020; IN COMMERCE 9-1-2020

The mark consists of a design featuring a stylized triangle with a shaded section in the inner right-hand corner of the triangle. The colors black and white represent background, outlining, shading, and transparent areas and are not claimed as features of the mark.

SER. NO. 97-088,237, FILED 10-22-2021



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT 3

# United States of America

## United States Patent and Trademark Office

# VARLO

**Reg. No. 7,534,231**

**Registered Oct. 15, 2024**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Varlo LLC  (NEW JERSEY LIMITED LIABILITY COMPANY)
1415 Marlton Pike
East Cherry, NEW JERSEY 08034

CLASS 25: Clothing being clothing and apparel for running, triathlon and cycling, namely, clothing jerseys, cloth bibs, shorts, socks

FIRST USE 9-1-2020; IN COMMERCE 9-1-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 98-258,333, FILED 11-07-2023



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO).  The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT 4

# United States of America

## United States Patent and Trademark Office

# Verali

**Reg. No. 5,067,463**

**Registered Oct. 25, 2016**

**Int. Cl.: 18, 25**

**Trademark**

**Principal Register**

Cube Holdings Pty Ltd (AUSTRALIA PROPRIETARY LIMITED COMPANY (P/L OR PTY. LTD.) ), TA Cube Footwear Pty Ltd ,
U8/1 Talavera Road
Macquarie Park AUSTRALIA NSW 2113

CLASS 18: Clutch bags; Shoulder bags; Sling bags; Tote bags; Weekend bags; Imitation leather bags; Imitation leather weekend bags

CLASS 25: Heels; Leisure shoes; Shoes; Women's shoes; Women's shoes, namely, foldable flats

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF AUSTRALIA REG. NO. 1290319, DATED 03-19-2009, RENEWED AS REG. NO. 1290319 , EXPIRES 03-19-2019

SER. NO. 86-893,839, FILED 02-02-2016
JACOB EUGENE VIGIL, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office



**Reg. No. 6,556,318**

**Registered Nov. 09, 2021**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Beaton, Rawle  (GUYANA INDIVIDUAL)
Suite 3A
1429 Carroll Street
Brooklyn, NEW YORK 11213

CLASS 25: Clothing, namely, shirts, jackets, hats, sweatsuits, ties, socks, headbands, t-shirts, sweatshirts, belts, jeans, dresses, coats

FIRST USE 12-19-2019; IN COMMERCE 1-20-2020

The mark consists of block lettering spelling out "VERLO" with wing in between "L" and "O".

The English translation of "VERLO" in the mark is "SEE HIM".

SER. NO. 90-013,102, FILED 06-22-2020





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office



**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# VOROLO

**Reg. No. 6,168,948**

**Registered Oct. 06, 2020**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

FuZhou NianYue Investment Consulting CO., LTD. (CHINA limited company (ltd.) )
Rm.04,11/f, Bldg.1, Shimao International
Center, 108 Guangda Rd., Chating St.,
Taijiang Dist., Fuzhou, CHINA 350000

CLASS 25: Hosiery; Rain boots; Rain trousers; Waterproof jackets and pants

FIRST USE 2-18-2020; IN COMMERCE 2-18-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY
PARTICULAR FONT STYLE, SIZE OR COLOR

The wording "VOROLO" has no meaning in a foreign language.

SER. NO. 88-846,468, FILED 03-24-2020



Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Digitally signed by United States Patent and Trademark Office
Location: United States Patent and Trademark Office
Date: 2022.12.25 05:16:07 -05'00'

# United States of America

## United States Patent and Trademark Office

# FORLOH

**Reg. No. 6,950,306**

**Registered Jan. 10, 2023**

**Int. Cl.: 18, 25, 35**

**Service Mark**

**Trademark**

**Principal Register**

FORLOH, Inc.  (MONTANA CORPORATION)
530 W. 19th Street
Suite 200
Whitefish, MONTANA 59937

CLASS 18: All-purpose carrying bags; backpacks; hunting bags; rucksacks

FIRST USE 6-1-2022; IN COMMERCE 6-1-2022

CLASS 25: Clothing, namely, shirts, coats, pants, jackets, vests, socks, hats, long underwear, overalls

FIRST USE 7-3-2020; IN COMMERCE 7-3-2020

CLASS 35: Retail department store services; retail store services featuring hunting accessories, clothing, bags; on-line retail store services featuring hunting accessories, clothing, bags

FIRST USE 7-3-2020; IN COMMERCE 7-3-2020

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 88-420,386, FILED 05-08-2019



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

**Int. Cls.: 9 and 25**

**Prior U.S. Cls.: 21, 22, 23, 26, 36, 38 and 39**

Reg. No. 2,674,884

## United States Patent and Trademark Office

Registered Jan. 14, 2003

## TRADEMARK
### PRINCIPAL REGISTER

# FURLA

FURLA U.S.A., INC. (NEW YORK CORPORA-
TION)
389 FIFTH AVENUE
NEW YORK, NY 10016

FOR: SUNGLASSES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-17-1981; IN COMMERCE 2-17-1981.

FOR: SHOES AND SCARVES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-17-1981; IN COMMERCE 2-17-1981.

OWNER OF U.S. REG. NO. 1,263,380.

SER. NO. 76-388,268, FILED 3-25-2002.

RICHARD WHITE, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,020,861

Registered Nov. 29, 2005

## TRADEMARK
### PRINCIPAL REGISTER



TENORE, PATRICK M. JR. (UNITED STATES INDIVIDUAL)
464 ABBIE WAY
COSTA MESA, CA 92627

FOR: CLOTHING AND HEADWEAR, NAMELY T-SHIRTS, SHORTS, SWEAT PANTS, SWEAT SHIRTS, SWIMWEAR, JACKETS, WET SUITS, BELTS, JEANS, SLACKS, WOVEN SHIRTS, KNIT SHIRTS, TANK TOPS, SOCKS, SWEATERS, HATS,

BEANIES, CAPS; FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-1-2000; IN COMMERCE 9-1-2000.

SER. NO. 78-524,354, FILED 11-30-2004.

JENNIFER KRISP, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,026,011**

**Registered Aug. 23, 2016**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

SEAL TRADEMARKS PTY LTD (AUSTRALIA CORPORATION)
1 BILLABONG PLACE
BURLEIGH HEADS, QLD AUSTRALIA 4220

CLASS 35: wholesale and retail store services and online wholesale and retail store services and retail store outlets, all the aforesaid services featuring clothing, clothing accessories, footwear and headgear, in the nature of shirts, t-shirts, tank tops, blouses and tops, sweaters, jackets, pullovers, hooded sweatshirts, coats, dresses, skirts, trousers, pants, jeans, shorts, board shorts, surfwear, swimwear, sportswear, underwear, sleepwear, belts, scarves, gloves, socks, shoes, boots, sandals and flip flops, hats, caps, beanies, visors, wetsuits, wetsuit vests, boots, gloves and hoods, wetsuit shorts and tops, sunglasses, goggles for skiing and snowboarding, protective clothing and equipment in the nature of elbow guards, knee guards, shin guards, helmets and head guards, chest guards, protective cups, gloves and hand wraps, punching bags, punching and sparring pads, punching and sparring protectors, focus pads and mitts, blank electronic storage media, USB data storage memory devices, apparatus for recording, storage, transmitting, reproducing or processing data, sound and/or images, in the nature of discs, audio tapes, also featuring pre-recorded films, namely, video, DVD and high-definition films, mobile telephone housings, portable media players, headphones, earbuds, speakers, jewelry and costume jewelry, watches, bags, in the nature of beach bags, all purpose sports bags, tote bags, carry-all bags, shopping bags, textile or mesh bags for merchandise packaging, shoulder bags, handbags, clutch bags, waistpacks, backpacks, travel bags, luggage, carry-on bags, wallets, card cases, purses, key rings and key tags, umbrellas, towels, skate, surf and sporting goods, water bottles, lunch boxes, pencil cases, covers and cases for mobile phones, covers and cases for tablets, covers and cases for portable media players, covers and cases for portable music players, laptop computer cases, lanyards, games, sunscreens, sunblock and sun protection, lip protection, books, magazines, art, prints; marketing of entertainment, namely, entertainment marketing services, namely, marketing, promotion and advertising for recording and performing artists, and, marketing and promoting the goods and services of others in the field of sporting and cultural events; customer loyalty services featuring loyalty card programs and discount card schemes, namely, administration of a discount program for enabling participants to obtain discounts on goods and services through the use of a discount membership card, incentive schemes, namely, incentive award programs to promote that sale of products and services of others; Customer loyalty services for commercial, promotional and/or advertising purposes

FIRST USE 11-1-2003; IN COMMERCE 11-1-2003

The mark consists of two stylized chevrons with one inverted.

OWNER OF U.S. REG. NO. 3431087, 3231955, 2622308

SER. NO. 86-860,586, FILED 12-29-2015



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

MATTHEW C KLINE, EXAMINING ATTORNEY

> ### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION
>
> ### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,622,308
Registered Sep. 17, 2002

## TRADEMARK
### PRINCIPAL REGISTER



TENORE, PAT (UNITED STATES INDIVIDUAL)
464 ABBIE WAY
COSTA MESA, CA 92627

FOR: CLOTHING AND HEADWEAR, NAMELY T-SHIRTS, SHORTS, SWEAT PANTS, SWEAT SHIRTS, SWIM WEAR, JACKETS, WET SUITS, BELTS, JEANS, SLACKS, WOVEN SHIRTS, KNIT SHIRTS, TANK TOPS, SOCKS, SWEATERS, HATS,

BEANIES, CAPS; FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-1-2001; IN COMMERCE 1-1-2001.

SN 78-032,987, FILED 10-30-2000.

CHERYL CLAYTON, EXAMINING ATTORNEY

# EXHIBIT 5



Deborah Greaves
Direct Dial: 213.341.1340
deborah.greaves@offitkurman.com

March 7, 2025

**VIA EMAIL & MAIL**
Varlo LLC
1415 Marlton Pike East
Cherry Hill, New Jersey 08034
info@varlo.com

   Re: VARLO (U.S. Ser. Nos. 98258333 and 7009563)

Dear Sir or Madam:

  We serve as U.S. intellectual property counsel to the contemporary fashion company Varley International Holdings Limited ("Varley"). As you know, Varley is well-known for its versatile and high-quality apparel, including activewear and outerwear. Varley's apparel and accessories are sold online and in over 1,000 stores worldwide, including in three Varley brand stores located in New York and London.

  Varley owns multiple VARLEY federally trademark registrations, including for VARLEY in standard character format for "Shirts; Shorts; T-shirts; Tights; Athletic tops and bottoms for exercise, running, yoga and pilates; Jackets; Sports bras; Tank tops" in Class 25 (U.S. Reg. No. 6581309), in stylized format for "Dresses; Footwear; Headwear; Jumpsuits; Scarves; Socks; Sweaters; Swimwear; Underwear; Athletic tops and bottoms for exercise, running, yoga and pilates; Bottoms as clothing; Outerwear, namely, coats, jackets, vests; Sports bras; Tops as clothing" in Class 25 (U.S. Reg. No. 7714254), and in stylized format for "On-line retail store services featuring clothing, accessories, bags; On-line retail store services featuring yoga apparel and accessories; On-line retail store services featuring athletic apparel for women" in Class 35 (U.S. Reg. No. 7712846).

  Varley has been using its VARLEY trademarks for nearly fifteen (15) years, and has invested significant time, money, and effort to develop the recognition of and goodwill associated with the VARLEY trademarks through extensive use, promotion, marketing, and publicity. As a result of its efforts, VARLEY is associated with Varley and represents, among other things, Varley's performance activewear thoughtfully designed to function for workouts and as streetwear.

  Varley's efforts have generated strong rights under federal and state trademark and unfair competition laws. These rights allow Varley to preclude unauthorized persons or entities from using the VARLEY trademark or any confusingly similar marks.



Varlo LLC
March 7, 2025
Page 2

Trust. Knowledge. Confidence.

It has come to our client's attention that Varlo LLC ("Varlo") is using the trademark VARLO in commerce, and has obtained two trademark registrations for VARLO in standard character and stylized format in Class 25 for "Clothing being clothing and apparel for running, triathlon and cycling, namely, clothing jerseys, cloth bibs, shorts, socks" (U.S. Reg. Nos. 7534231 and 7009563, respectively) (the "Infringing Registrations").

Varlo's use of the Infringing Registrations, and the similarity of the goods at issue, combined with the similar price points of the goods and shared channels of trade and consumers, all contribute to a likelihood of confusion.

First, it is well-settled that consumers are more likely to focus on the first word, prefix, or syllable of in a trademark. *See, e.g., Sage Therapeutics, Inc. v. SageForth Psych. Servs., LLC*, Opp. No. 91270181, 2024 TTAB LEXIS 139, at *14-15 (April 12, 2024) (finding SAGEFORTH and SAGE CENTRAL similar in part because the "common 'sage' element" was dominant in both marks as "the first elements"). Here, the marks at issue share an identical prefix: VARL-, which encompasses almost the entirety of VARLEY and VARLO. A consumer may even construe the marks at issue to be feminine and masculine versions of the same mark because of their strong similarities in sight, sound, and commercial impression.

Further, Varlo's goods listed in the Infringing Registrations are nearly identical to Varley's goods. The goods at issue both encompass apparel, and more specifically, athletic attire. The similar price points of the parties' clothing and the overlap in consumers also greatly contribute to the relatedness of the goods and their competitiveness in the marketplace. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1147 (9th Cir. 2002) ("[T]he more closely related the goods are, the more likely consumers will be confused by similar marks.").

Moreover, our client has the senior rights. Not only were the applications for the Infringing Registrations filed after the application for the VARLEY standard character mark, the registration dates of the VARLEY trademarks predate the registration dates of the Infringing Registrations. The VARLEY trademarks were also in use for nearly ten (10) years prior to Varlo's commencement of use of the VARLO trademarks.

Therefore, Varlo's use of the VARLO trademarks creates the misleading and false impression that Varlo's goods originate from or are sponsored by Varley, or that Varley is somehow connected or associated with Varlo's goods, so as to deceive consumers or to cause confusion or mistake between Varley's VARLEY trademarks and Varlo's Infringing Registrations as to the origin or affiliation of Varley and Varlo's goods. As such, Varlo's use of the VARLO trademarks is unacceptable.

Varlo's use of the VARLO trademarks in connection with the goods listed in the Infringing Registrations may subject it to liability for willful trademark infringement, false designation of origin, and trademark dilution in violation of the federal trademark statute, the Lanham Act, 15 U.S.C. § 1114 *et. seq*. Varlo's actions may also give rise to separate claims under state unfair competition laws. The civil remedies available for these violations include immediate and



Trust. Knowledge. Confidence.

Varlo LLC
March 7, 2025
Page 3

permanent injunctive relief, recovery of Varlo's profits, and up to three times the amount of monetary damages suffered by our client, as well as an award of attorney's fees.

Accordingly, we demand that Varlo immediately:

(1)     Voluntarily surrender the Infringing Registrations by **March 21, 2025**;

(2)     Cease and desist from all use of the VARLO trademarks in connection with any Class 25 goods;

(3)     Cease and desist from all advertising, promotion, marketing, offering for sale, or sale of Class 25 goods using the VARLO trademarks;

(4)     Cease and desist from using VARLO in the domain name of Varlo's website;

(5)     Provide an accounting of all Class 25 goods sold in connection with the VARLO trademarks by **March 28, 2025**;

(6)     Provide a list of all VARLO branded goods in inventory by **March 28, 2025**; and

(7)     Provide a detailed list of all work in process of VARLO Class 25 goods.

Your urgent attention to this matter is required. Should we fail to receive an appropriate response from you—agreeing to the terms outlined above—by **March 21, 2025**, we have instructions to escalate this matter to seek all remedies available under federal trademark law and any other applicable law, including injunctive relief, enhanced damages, and attorney's fees for willful infringement, without further notice to you.

We look forward to your prompt reply.

This letter is without prejudice to our client's rights and remedies, all of which are expressly reserved.

Very truly yours,

*Deborah Greaves*

Deborah Greaves
Principal

DG:ES

# EXHIBIT 6

# Ballard Spahr
LLP

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Lynn E. Rzonca
Tel: 215.864.8109
rzoncal@ballardspahr.com

March 19, 2025

*Via E-mail (deborah.greaves@offitkurman.com)*

Deborah Greaves, Esquire
Offit Kurman
445 S. Figueroa Street, 18th Floor
Los Angeles, CA  90071

Re:     Varlo LLC adv. Varley International Holdings Limited

Dear Deborah:

I write with respect to your letter dated March 7, 2025 addressed to "Sir or Madam" at Varlo LLC.  I represent Varlo, and your letter has been passed along to me for review and response.

I am looking into the matter you raised and will respond as soon as possible.

Please direct all future communications in this matter to me.

Thank you.

Sincerely,

Lynn E. Rzonca

LER/mar

cc:     Varlo LLC
        Benjamin Simler, Esquire

# EXHIBIT 7



Trust. Knowledge. Confidence.

Erika Sanchez
Direct Dial: 213.341.1333
Erika.Sanchez@offitkurman.com

March 21, 2025

**VIA EMAIL**
Lynn E. Rzonca
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
rzoncal@ballardspahr.com

<u>Re</u>: <u>Infringing VARLO Trademarks</u>

Dear Ms. Rzonca:

Thank you for your letter. Due to time sensitive trademark disputes between our respective clients abroad, kindly provide a substantive response no later than **Friday, March 28, 2025**.

Sincerely,

Erika Sanchez